# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**KEVIN MORGAN,**

    Petitioner,

v.                                 **CIVIL ACTION NO. 5:16-CV-119**
                                        **CRIMINAL ACTION NO. 5:15-CR-68**
                                          **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER DENYING AS MOOT MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

On July 27, 2016, the petitioner, an inmate then-incarcerated at FCI Beckley in Beaver, West Virginia, filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 36].[1] On August 22, 2016, Magistrate Judge James E. Seibert entered an Order directing the Government to respond to petitioner's § 2255 motion [Doc. 41]. On September 15, 2016, the Government filed its response [Doc. 46]. On September 23, 2016, and again on October 7, 2016, petitioner replied [Docs. 52, 57]. Having been fully briefed, this matter is now ripe for decision. For the reasons stated below, this Court will deny petitioner's Motion as moot.

## FACTS

### A. Conviction and Sentence

On December 1, 2015, the Grand Jury in the Northern District of West Virginia returned a single-count indictment with a forfeiture allegation against petitioner, charging

---

[1] Unless otherwise noted, all references to documents in the record refer to the docket in Criminal Action No. 5:15-CR-68.

him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Doc. 1 at 1].

On January 28, 2016, petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment [Doc. 23]. In the plea agreement, petitioner waived his right to appeal his conviction and sentence, and agreed to a limited waiver of his right to collaterally attack his conviction and sentence. Specifically, the plea agreement contained the following language regarding petitioner's waivers:

> 13. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant waives the right:
>
> (1) to appeal any order, the conviction and any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in Title 18, United States Code, Section 3742; and
>
> (2) to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct[][.] The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

[Id. at 5].

On February 1, 2016, petitioner appeared before Magistrate Judge James E. Seibert to enter his plea of guilty in open court. At the time, petitioner was forty (40) years old and had gone to school through the 11th grade [Doc. 42 at 3]. He testified that he could read, write, and understand the English language [Id. at 2]. He denied any physical or mental disability that might affect his ability to fully participate in the proceedings [Id. at 2–3]. He

2

denied any medication, drug, or alcohol use of any kind within the previous 24 hours [Id. at 2]. He testified that he had been treated for addiction in the past [Id. at 3]. The Assistant United States Attorney ("AUSA") read aloud or summarized each paragraph of the plea agreement, including paragraph 13, *supra*, in open court [Id. at 5–8]. Petitioner testified that he understood and agreed with all the terms and conditions of the plea agreement [Id. at 8–10]. Magistrate Judge Seibert specifically asked petitioner if he understood that under the terms of the waiver of his appellate and post-conviction relief rights, he was waiving the right to appeal, and the right to collaterally attack his conviction and sentence, unless there was ineffective assistance of counsel or prosecutorial misconduct [Id. at 9]. Petitioner said that he understood [Id. at 9–10]. Magistrate Judge Seibert then reviewed all the rights petitioner was giving up by pleading guilty [Id. at 14–16]. During the plea hearing, the Government presented the testimony of Heather Kozik, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in Wheeling, West Virginia, to establish a factual basis for the plea [Id. at 16–19]. Petitioner did not contest the factual basis of the plea [Id. at 20].

After the Government presented the factual basis of the plea, petitioner advised Magistrate Judge Seibert that he was guilty of Count One of the Indictment [Id.]. Petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will [Id.]. In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement [Id.]. Petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone [Id. at 21]. Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty [Id.].

At the conclusion of the hearing, Magistrate Judge Seibert determined that the plea was made freely and voluntarily, there was a basis in fact for the plea, and that petitioner had full knowledge and understood the consequences of pleading guilty [Id.]. Petitioner did not object to Magistrate Judge Seibert's finding.

On April 5, 2016, petitioner appeared before this Court for a contested sentencing hearing to litigate an issue related to the applicability of the reduction for hunting and collecting under U.S.S.G. § 2K2.1(b)(2) [Doc. 43]. After hearing testimony from petitioner; Roger Billiter, owner of Valley Towing and Auto Repair; Sergeant Shannon Huffman of the Tyler County Sheriff's Department; and Heather Kozik, ATF Special Agent, and then argument from counsel, this Court overruled petitioner's only objection to the PSR, finding that the U.S.S.G. § 2K2.1(b)(2) Specific Offense Characteristic base offense level reduction for sporting and collection was inapplicable in petitioner's case [Id. at 41]. This Court then announced its tentative findings as to the applicable guidelines and heard argument from counsel on sentencing recommendations [Id. at 43–44]. Petitioner also gave a brief allocution [Id. at 44]. After considering petitioner's personal history and characteristics, his criminal history, his continued violations on the restrictions of his ability to possess a firearm and violation of West Virginia law by carrying loaded firearms in a vehicle, his simultaneous possession of illicit drugs while possessing firearms, the inconsistencies in his testimony, and the sentencing objectives, [id. at 40–41], this Court sentenced petitioner to 27 months imprisonment, the lowest end of the applicable guideline range, with credit for time served since December 7, 2015, to be followed by two years supervised release [Id. at 45]. This Court noted that even if the sporting exception had been granted, it would have still imposed the 27-month sentence, given that petitioner admitted to having repeatedly

4

violated the law by borrowing and using firearms while being barred from doing so [Id. at 48]. Petitioner was advised that he forfeited his interest in the two firearms and ammunition [Id. at 47].

Finally, this Court noted that petitioner had entered into a plea agreement that waived in whole or in part his right to appeal, advised petitioner that such waivers were generally enforceable, and that the waiver appeared to be enforceable in petitioner's case [Id. at 49]. Nonetheless, this Court advised petitioner that if he believed his appellate waiver was unenforceable for any reason, or his plea somehow unlawful or involuntary, or that there was some other defect with the proceedings, if he wished to appeal, he must file a notice of appeal within fourteen days following the entry of the judgment and commitment order [Id.]. Further, this Court advised petitioner that if he wished, the Clerk of Court could enter the notice of appeal for him, and that if he could not afford an attorney, the appropriate court would review his financial affidavit to determine whether counsel would be appointed [Id. at 49–50]. Petitioner did not reply [Id. at 50].

## B. Appeal

Petitioner did not pursue a direct appeal.

## C. Federal Habeas Corpus

### 1. Petitioner's Contention

Petitioner's Motion to Vacate ostensibly lists four grounds for relief, but implicitly raises a fifth—they have been condensed and reordered here for clarity and brevity.

Petitioner contends that:

1) He was entitled to a three-point reduction for acceptance of responsibility, but only received a two-point reduction [Doc. 36 at 5].

2) He was entitled to receive the U.S.S.G. § 2K2.1(b)(2) Specific Offense Characteristic base offense level reduction for sporting and collection, "because that's what [he] was doing was hunting" [Id. at 6]. He contends that the Court chose not to give him the base offense level of 6 for hunting and collecting because of his past drinking and drug use and his criminal history [Id. at 10–11].

3) Counsel was ineffective for not bringing up during the sentencing hearing that Deputy Shannon Huffman "lied his ass off" on November 9, 2015 [Id. at 8].[2] Counsel failed to bring up that Sgt. Huffman had a "personal vendetta" against petitioner; that he had choked petitioner when he arrested him; searched petitioner's truck without a warrant; and that he had begun pursuing petitioner in Wetzel County, when Sgt. Huffman was a Tyler County deputy [Id. at 11–12].

4) Counsel was ineffective for not objecting to his being wrongfully assessed criminal history points in his Presentence Investigation Report ("PSR") for prior cases that were dismissed [Id. at 12].

5) Counsel was ineffective for not filing an appeal on his behalf [Id. at 4]. Petitioner contends he was taken out of the courtroom two minutes after he was sentenced and never heard from or talked to his lawyers again. He asserts that his counsel was "supposed to appeal the case" [Id. at 6].

At bottom, petitioner contends that he "should [not have] got this much time in prison" [Id. at 12].

As relief, petitioner requests that he be awarded the one point reduction for timely signing the plea agreement [Id. at 17]. He also requests to have his PSR corrected to "fix what's wrong with the points that should be deducted and give [him] time served, or drop [his] offense level to a 4 and give [him] 20 month[]s" [Id.]. Further, he requests this Court grant him the U.S.S.G. § 2K2.1(b)(2) Specific Offense Characteristic base offense level reduction for sporting and collection [Id.].

---

[2] It is unclear what the significance of the date of November 9, 2015, is or if it was merely a typographical error on petitioner's part. The traffic stop that Sgt. Huffman conducted on petitioner, during which the firearms were discovered, occurred on October 9, 2015 [Doc. 43 at 27]. Petitioner was not indicted until December 1, 2015.

6

**2. Government's Response**

The Government contends that petitioner's Motion should be dismissed because:

1) his valid waiver precludes consideration of any claims relating to his sentence or the manner in which it was determined [Doc. 46 at 1];

2) petitioner has failed to articulate, let alone substantiate, any claim of counsel's ineffectiveness [Id. at 6]; and

3) petitioner's claims are precluded because they pertain to the application of the United States Sentencing Guidelines ("USSG") [Id. at 8].

**3. Petitioner's Replies**

In both of his replies, petitioner reiterates his arguments and attempts to refute the Government's on the same. See [Docs. 52, 57].

**4. Petitioner's Current Status**

An October 4, 2017, search of the Bureau of Prisons' ("BOP") online Inmate Locator indicated that petitioner had already been released from prison to a halfway house in Baltimore. A subsequent search, conducted on February 6, 2018, revealed that petitioner was released from BOP custody on January 26, 2018.

On June 25, 2018, a warrant was issued for petitioner's arrest for multiple violations of his terms of supervised release [Doc. 68]. On July 18, 2018, petitioner appeared before Magistrate Judge Seibert for an initial hearing on supervised release revocation [Doc. 69]. A preliminary revocation hearing was held before Magistrate Judge Seibert on August 3, 2018, wherein the defendant was released from custody and ordered to self-surrender to the Northern Regional Jail on August 6, 2018 [Docs. 76–78]. The petitioner failed to self-surrender, and a bench warrant was issued for his arrest on August 6, 2018 [Doc. 78].

7

Defendant was arrested on August 7, 2018, and currently remains in custody pending a final revocation hearing [Id.].

## DISCUSSION

Petitioner's Motion challenges the length of his sentence. Some of his asserted grounds for relief attack this Court's determination of the proper offense level (Grounds 1 and 2, *supra*). Others allege deficiencies in his counsel for failing to raise arguments that would or could have gotten petitioner a shorter sentence (Grounds 3 and 4, *supra*). Additionally, underlying petitioner's asserted grounds is the implicit assertion that his counsel failed to appeal the length of petitioner's sentence on his behalf (Ground 5, *supra*). However, none of the grounds for relief asserted by petitioner challenge any aspect of his guilty plea itself—petitioner challenges only the length of his sentence. As petitioner noted, his contention is that he "should [not have] got this much time in prison" [Doc. 36 at 12]. Consequently, as petitioner has already served out his original term of incarceration, this Court can no longer provide him the relief sought in his habeas petition.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." **Hensley v. Municipal Court**, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time he files the petition. **Carafas v. LaVallee**, 391 U.S. 234, 238 (1968); **United States v. Bryson**, 981 F.2d 720, 726 (4th Cir. 1992). This remains true even if a defendant is released from prison during the pendency of the § 2255 motion. **Id.**

A petitioner must, however, also show that in spite of his subsequent release, he can

still meet "the case or controversy requirement of Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (where petitioner failed to show injury-in-fact in challenge to a parole revocation, where petitioner had been released from prison after filing habeas corpus petition). "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* (citations omitted).

"When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that 'a wrongful criminal conviction has continuing collateral consequences' sufficient to satisfy the injury requirement" and constitute a viable case or controversy. *United States v. Wilson*, 525 F.Supp.2d 691, 694 (D. Del. 2007) (citing *Spencer*, 523 U.S. 1). This presumption does not apply, however, when (as here) a prisoner challenges only the length of his sentence, not some aspect of the conviction itself. *See, e.g.*, *Bailey v. United States*, 2013 WL 4851679, at *5 (N.D. Ala. Sept. 10, 2013) ("Mr. Bailey does not attack the validity of his guilty plea; he challenges only the length of his sentence. Consequently, because [he] has been released from prison, the Court can 'no longer provide him the primary relief sought in his habeas petition.' Accordingly, Mr. Bailey's challenge to his sentence is moot.") (citations omitted); *Guzman v. United States*, 2007 WL 1821698, at *1 (S.D.N.Y. July 1, 2004) ("Since the petition is directed at his sentence, not his conviction, and thus there is no 'collateral consequence' . . . the petition should be dismissed as moot."); *Evans v. United States*, 2011 WL 250334, at *1 (Jan. 25, 2011) ("Petitioner has been released from

confinement, upon which he began a term of supervised release. The instant Motion to Vacate does not challenge the conviction itself, but only the length of Petitioner's sentence of imprisonment, and seeks re-sentencing without the firearm enhancement under USSG § 2D1.1(b)(1). Thus, no collateral consequence of the conviction is at issue and no case or controversy exists.").

Here, petitioner is on supervised release, and in fact is currently in custody pending a final supervised release revocation hearing, which normally would provide this Court a continuing injury to invoke its jurisdiction. However, petitioner did not challenge the guilty plea or conviction themselves—he challenged *only* the length of his original custodial sentence, which has already been served. Thus, this Court can "no longer provide him the primary relief sought in his habeas petition," his challenge to the length of his sentence is moot, and this Court no longer has jurisdiction over the proceeding. *See, e.g.*, **North Carolina v. Rice**, 404 U.S. 244, 246 (1971) ("'Moot questions require no answer.' Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'") (citations omitted).

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 36; Civil Action No. 5:16-CV-119, Doc. 1]** is **DENIED AS MOOT**;

2. Respondent's Motion to Dismiss **[Doc. 46]** is **DENIED AS MOOT**; and

3. this Court **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); **Slack v. McDaniel**, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural

grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** September 6, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE